TEXAS GAS TRANSMISSION COMPANY *v.* MISSISSIPPI PUBLIC SERVICE COMMISSION

No. 41937          October 9, 1961          133 So. 2d 526

*W. E. Feldhaus, Jr.*, Owensboro, Ky.; *Heidelberg, Woodliff & Franks*, Jackson, for appellant.

*Joe T. Patterson,* Attorney General by *Wade Creekmore,* Asst. Atty. Gen., Jackson, for appellee, Mississippi Public Service Commission; *Wise, Smith & Carter,* Jackson, for appellee, Mississippi Power & Light Company; *Eaton, Cottrell & Galloway,* Gulfport, for appellee, Mississippi Power Company; *Green, Green & Cheney,* Jackson, for appellee, Willmut Gas & Oil Company; *Overstreet, Kuykendall, Perry & Phillips,* Jackson, for appellee, Mississippi Valley Gas Company.

*Currie & Currie, Simrall, Aultman & Pope,* Hattiesburg; *Green, Green & Cheney,* Jackson, for appellee, Willmut Gas & Oil Company.

834

GILLESPIE, J.

This is an appeal from a decree of the chancery court affirming an order of the Mississippi Public Service Commission. The order of the Commission required appellant, Texas Gas Transmission Corporation, to (1) apply to the Commission for a certificate of public convenience and necessity for any construction or operation of equipment for transmitting natural gas for direct sale to consumers within this State; (2) file a report of its gross revenues derived from the sale of natural gas to consumers in this State for the years 1955 and thereafter, and (3) to pay its prorata portion of the special tax levied on public utilities by the Public Utilities Act of 1956 (Chap. 372, Laws of 1956).

The Commission and all parties agree that the power of the Commission to enter the order depends on whether

the rates charged by Texas Gas are subject to regulation by the Commission. The question for decision is: Does the Public Utility Act of 1956 (Chap. 372, Laws of 1956) grant to the Mississippi Public Service Commission power to regulate the rates on interstate pipeline company charges for direct sales made in this State for industrial use? The question is solved by applying the law to facts which are not in dispute.

Texas Gas is a natural gas company operating an inter-connected interstate gas transmission system. Its operations are certified by the Federal Power Commission under the provisions of the Natural Gas Act, 15 U. S. C. A., Sec. 717, et seq. Its rates as to sales for resale are regulated by the Federal Power Commission, but the Federal Power Commission does not regulate the rates charged by Texas Gas for direct industrial sales of natural gas. Texas Gas operates in nine states. Its pipelines transport natural gas from production areas in Texas and Louisiana through Mississippi, thence through several other States to the northeast. In the northwestern part of Mississippi, Texas Gas owns and operates facilities for delivery of gas to Mississippi Valley Gas Company, a local distribution company. This sale to Mississippi Valley Gas Company is a sale for resale and the facilities used and the rates charged are certificated and regulated by the Federal Power Commission under the provisions of the Natural Gas Act. At the same place and through part of these same facilities, Texas Gas delivers gas to the Mississippi Power and Light Company for consumption as boiler fuel in its generating plant; and it is this sale that the Mississippi Public Service Commission seeks to regulate. The facilities used in the sale and delivery of this direct industrial sale to Mississippi Power and Light Company is certificated under the provisions of the Natural Gas Act, but the rates charged by Texas Gas for the gas so sold are not regulated by the Federal Power Commis-

sion. The gas sold to Mississippi Power and Light Company is drawn from Texas Gas' interstate pipeline, but it is delivered at reduced pressure.

The power of the Mississippi Public Service Commission to regulate rates of public utilities is clearly defined in the Public Utilities Act (Chap. 372, Laws of 1956, Sec. 7716-01, et seq., Miss. Code of 1942). This power is limited by the express language of the statute to intrastate business. The sale by Texas Gas to Mississippi Power and Light Company is an interstate sale. The business the Commission seeks to regulate is interstate business, and this is beyond the power of the Commission. The authorities on which our decision is based are cited in the companion case of United Gas Pipeline Corporation v. Mississippi Public Service Commission, No. 41,942, this day decided.

Reversed and judgment here for appellant.

*Lee, P.J.*, and *Kyle, McElroy* and *Jones, JJ.*, concur.